RIGGS *v.* MARTIN.

No. 15069. FEBRUARY 7, 1945.

*Willis Smith*, for plaintiff in error.   *Boykin & Boykin*, contra.

GRICE, Justice.   Error is assigned on the grant of an interlocutory injunction, restraining the defendant, who is the plaintiff in error, from using the private way described in the petition, or from interfering with the same.   That there is a private way on the property of Martin, the petitioner, is several times asserted in the petition.   How long it has been in existence, is not averred; but the uncontradicted testimony shows that it was laid out considerably longer than twelve months prior to the acts of Riggs of which complaint is made.   It is alleged that on September 7 the petitioner closed this private way, and that he had the right so to do; that neither Riggs nor anyone else has the right to use the same; that on September 13 Riggs removed the obstructions which Martin had placed across the road, and is threatening to open the road again.   The petition contains the further allegation, that "other people are using said private way for immoral purposes at night, and the woods back of petitioner's house, and that it disturbs and annoys petitioner."   The word "nuisance" is not mentioned in the petition.   It is alleged that, when first laid out, the said private way was about 8 or 10 feet wide, but that the defendant and others using the same have increased its width to about 16½ feet, and that it runs up into petitioner's yard, but how long such has been the case is not averred.   It is also alleged that the defendant and others who use the road have been going around mudholes in the same; but whether for twelve months or more, is not stated.   There is nothing in the petition to show

that the private way now in use is not the one which the petitioner several times refers to in the petition as the "private way on petitioner's property," which he alleges Riggs has no right to use; nor is it sought to enjoin the defendant from using any route which would be a deviation from the original right of way. When the evidence for the petitioner which was before the judge is examined, it will be found that all the witnesses testified as to a private way, or private road, on his land; but no dates were given as to when this way was laid out, or when the route of the original private way was by use changed. The evidence for the defendant was to the effect that this private way has been in use by the public for more than seven years. The petition does not seek to enjoin Riggs from doing anything more than "opening said road, or from interfering with the same in any way." This can have no other reference than to what is referred to in the petition as "this private way of petitioner."

Under the petition, this was a private way. Under the undisputed evidence, it was a road which had been used as a private way for more than a year. The Code, § 83-114, declares: "When a road has been used as a private way for as much as one year, an owner of land over which it passes may not close it up without first giving the common users of the way 30 days' notice in writing, that they may take steps to have it made permanent." Under the record as it comes to us, Martin had no right to close it, it not being contended that he had given anyone notice of his prior intention so to do. Since he had no right to close it, he has no right to enjoin Riggs from preventing him from closing it. That the petitioner may have a remedy to prevent people who discontinue using a part of the private way from running over the shrubbery in his yard, does not justify him in seeking to close the private way as it has actually existed for more than twelve months. The result can not be different because of an allegation in the petition, and proof to sustain it, that other people are using this private way and the woods back of the petitioner's house for immoral purposes at night. Nor does it alter the case that Martin's predecessor in title, when he opened up the private way, did so under an agreement with an adjoining landowner that if it ever became a nuisance he could close it up. Such an agreement can not obviate the requirement of the law that this could not be done without first

giving the common users of the way 30 days' notice in writing, as above pointed out. The court erred in granting the interlocutory injunction.

*Judgment reversed. All the Justices concur, except Wyatt, J., absent because of illness.*